AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

UNITED STATES DISTRICT COURT
for the
Northern District of New York

| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify* | ) |
| *the person by name and address)* | ) |   Case No. 8:23-MJ- 472   (GLF) |
| (A)   One rose gold Apple iPhone cell phone | ) |
| (B)   One red Apple iPhone cell phone in red case | ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Please see Attachment A.

located in the Northern District of New York, there is now concealed *(identify the person or describe the property to be seized)*:
Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
| Title 8, United States Code, Section 1324 | Transporting illegal aliens, and conspiracy and attempt to commit same |

The application is based on these facts:
Please see attached affidavit.

☒ Continued on the attached sheet.
☒ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*8-25-2023   4:14pm*
*Applicant's signature*

Border Patrol Agent Jason Soucis
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone *(specify reliable electronic means)*.

Date: *AUG. 28, 2023*

*Judge's signature*

City and
state:    Plattsburgh, New York

Hon. Gary L. Favro, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE SEARCH OF:

    (A) One rose gold Apple iPhone cell
        phone;
    (B) One red Apple iPhone cell phone in
        red case;

All currently located at 4525 US Highway 11,
Malone, New York 12953.

Case No. 8:23-MJ- 472    (GLF)

## Affidavit in Support of an Application for a Search Warrant

I, Jason H. Soucis, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the following property: (A) one rose gold Apple iPhone cell phone; and (B) one red Apple iPhone cell phone in red case (hereinafter "the Devices"), which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.    I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security (DHS), Bureau of Customs and Border Protection (CBP), United States Border Patrol (USBP), Swanton Sector Intelligence Unit, and assigned to the Burke Border Patrol Station. I have been a BPA since April 2012. My primary duty is to assist in the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border Patrol Agent's authority to interrogate any alien or person believed to

be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. To enforce these laws, I have received training at the Federal Law Enforcement Training Center in Artesia, New Mexico, in law, operations, firearms, driving techniques, and physical techniques.

3.     I have investigated violations of the Immigration Nationality Act (INA), including illegal entry of aliens in violation of Title 8, United States Code, Section 1325, the smuggling of aliens in violation of Title 8, United States Code, Section 1324, and illegal reentry of aliens in violation of Title 8, United States Code, Section 1326. I have written and executed search warrants for electronic devices and have reviewed the evidence contained within. I have analyzed data and information from electronic devices and presented that data as evidence during criminal investigations.

4.     The applied-for warrant would authorize the forensic examination of the Devices, as described in Attachment A, for the purpose of identifying electronically stored data described in Attachment B. Based on my training and experience, and the facts set forth in this affidavit, there is probable cause to believe that violations of Title 8, United States Code, Section 1324 (transporting illegal aliens, and conspiracy and attempt to commit same) have been committed by Juan OSORIO-Rios, and other as-yet identified co-conspirators. There is also probable cause to search the property described in Attachment A, for evidence of these crimes as described in Attachment B.

5.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Where statements of others are related in this affidavit, they are related in substance and in part.

**The Devices Proposed to be Examined**

6.     As described further in Attachment A, the property proposed to be search is: (A) one rose gold Apple iPhone cell phone and (B) one red Apple iPhone cell phone in red case, which are currently located at the Burke Border Patrol Station, 4525 US Highway 11, Malone, New York 12953 ("Burke Border Patrol Station").

7.     The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying and seizing electronically stored data particularly described in Attachment B.

**Basis for a Probable Cause Finding**

8.     On August 21, 2023, at approximately 3 a.m., Burke Border Patrol Agents (BPAs) were conducting line-watch operations near the intersection of Lost Nations Road and State Route 11 when BPAs observed a silver Chevrolet Suburban travelling westbound on State Route 11, make a slow right turn and travel north on Lost Nations Road. Due to this area being a high-traffic area for illicit cross-border activity on the international boundary with Canada, which typically does not see any amount of local commuter traffic during this time of night, BPAs followed the vehicle.

9.     While following the vehicle northbound, it made a right turn eastbound on Frontier Road where it subsequently turned north on Santamore Road. BPAs then witnessed the vehicle moments later traveling southbound on Santamore Road, passing a BPA in a marked Border Patrol service vehicle, and making a left turn westbound on Frontier Road. The vehicle, travelling at an abnormally slow speed, turned southbound on Lost Nations Road. While following the vehicle, BPAs observed the driver swerve back and forth several times and activate the turn single multiple times without turning. BPAs noticed the vehicle was

3

bearing Illinois license plate ED64754. BPAs commonly encounter out-of-state registered vehicles in human smuggling attempts because the driver is typically traveling from out of the area. BPAs also noted that on August 13, 2023, Buckeye camera activations indicated several subjects entering a silver Chevrolet Suburban bearing apparent Illinois registration in the same wooded area that this vehicle was encountered on August 21. Intelligence gathered led BPAs to believe that on August 13, 2023, a silver Chevrolet Suburban bearing apparent Illinois registration was involved in an alien smuggling event that wasn't apprehended.

10.     Due to the time of night, the vehicle's travel pattern and location, the presence of out-of-state plates, and the previously gathered intelligence involving a  silver Suburban with apparent Illinois license plate, BPAs conducted a vehicle stop near the intersection of State Route 11 and Lost Nations Road.

11.     Upon approaching the vehicle, BPAs announced themselves as such and began immigration inspections on the driver and the four other occupants of the vehicle. When asked his citizenship and immigration status, the driver, identified as Juan OSORIO-Rios, claimed to be a Mexican citizen with no legal right to be in the United States. BPAs asked OSORIO-Rios what his purpose was for driving around this close to the border, to which he failed to answer and stared forward blankly. BPAs observed that the rear occupants of the vehicle were wearing wet and muddy clothing, typical of someone who has just traversed across the international border on foot through the dense brush. When asked their citizenship and immigration status, all four passengers claimed to be Mexican citizens with no legal right to be in the United States. The backseat passengers admitted to crossing the border illegally minutes earlier.

4

12.     All five subjects were detained and transported to the Burke Border Patrol Station for record checks, interviews, and processing. At the Burke Border Patrol Station, the subjects and their personal belongings were searched for weapons and other illicit contraband. During these searches, BPAs seized several electronic devices including the Devices described below and further in Attachment A:

   a.  Device A: One rose gold Apple iPhone cell phone, seized from Juan OSORIO-Rios.

   b.  Device B: One red Apple iPhone cell phone in red case, seized from Juan OSORIO-Rios.

13.     At the station, biographical information and fingerprints were entered into the Department of Homeland Security databases for all five subjects. Record checks revealed that all five subjects are Mexican citizens with no legal right to be in the United States.

14.     One of the backseat passengers with the initials E. S-H was read his *Miranda* rights and agreed to answer questions without a lawyer present. In his interview, E S-H stated that when he made arrangements to be smuggled into the United States, he was told the pick-up vehicle in the United States would be a grey truck, and that the driver would give the group a sign to let them know that was their ride. E. S-H stated that a grey vehicle arrived at the pickup location, the driver flashed the headlights. When showed a photographic lineup, E. S-H positively identified OSORIO-Rios as the driver of the Suburban.

15.     From my training and experience, I know that smugglers often communicate with each other using cellular phones and download applications to coordinate smuggling events. Smartphones, such as the Devices, can also be used to access social media. Based on my training, knowledge, and experience of alien smuggling, I know that social media

5

platforms such as Facebook are often used by smugglers to find and communicate with customers (aliens).

16.     The Devices are currently in the lawful possession of the United States Border Patrol and have been since August 21, 2023. They came into the Border Patrol's possession in the following way: seized incident to arrest. Therefore, while the Border Patrol might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

17.     The Devices are currently in storage at the Burke Border Patrol Station. In my training and experience, I know that each Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the Border Patrol.

## TECHNICAL TERMS

18.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.  Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone

6

numbers in electronic "address books"; sending, receiving, and storing text messages and e-mail; taking, sending, receiving and storing still photographs and video; storing and playing back audio files; storing dates, appointments and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include a digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film.

b. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly

7

available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

19.     Based on my training, experience, and research, I know that cellular phones and GPS devices have capabilities that allow them to serve as a wireless telephone, digital camera, and GPS navigation device. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device, whether and how the device communicated with other devices, and whether and how the device moved geographically; all of this information, in turn, would be relevant to an alien smuggling investigation.

**Electronic Storage and Forensic Analysis**

20.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

21.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

22.    *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent

9

with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant. The examination will be performed by representatives from the Department of Homeland Security and their designees.

23.     *Manner of execution.* Because this warrant seeks only permission to examine the Devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

### Conclusion

24.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

Attested to by the Affiant:

_8-25-2023  4:14pm_

Jason H. Soucis
Border Patrol Agent-Intelligence
United States Border Patrol

I, the Honorable Gary L. Favro United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on August 28th, 2023 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.   (3:35 PM)

Hon. Gary L. Favro
United States Magistrate Judge

### ATTACHMENT A

### Property to be Searched

The property to be searched is:

    a.  **Device (A):** Rose gold Apple iPhone cell phone seized from Juan OSORIO-Rios on August 21, 2023; (as depicted in Fig. 1 below);



Fig. 1: front (left) and back (right) of Rose Gold Apple iPhone cell phone seized from Juan OSORIO-Rios;

    b.  **Device (B):** Red Apple iPhone cell phone in red case seized from Juan OSORIO-Rios (as depicted in Fig. 2 below);



Fig. 2: front (left) and back (right) of red Apple iPhone cell phone in red case seized from Juan OSORIO-Rios;

Collectively refered to hereinafter as "the Devices." The Devices are currently located at 4525 US Highway 11, Malone, New York 12953. This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

1

## ATTACHMENT B

### Particular Things to be Seized

1.      All records on the Devices described in Attachment A that constitute fruits, evidence, and instrumentalities of violations of Title 8 U.S.C. § 1324 (transporting illegal aliens, and conspiracy and attempt to commit same) and involve Juan OSORIO-Rios and other as-yet unidentified co-conspirators, including:

      a.   All information related to the smuggling attempt for which OSORIO-RIO was arrested on August 21, 2023;

      b.   Incoming and outgoing calls lists with corresponding date/time of calls;

      c.   Stored telephone and address directories;

      d.   Direct connect and identification numbers;

      e.   Pictures and videos;

      f.   All audio recordings;

      g.   All voice mail recordings;

      h.   All location and GPS data;

      i.   All instant messaging and related stored communications;

      j.   All SMS messages and related stored communications; and,

      k.   Any other notations or electronic storage of any kind.

2

2.    Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

   a.  Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

   b.  Records of Internet Protocol addresses used;

3.    As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

3